1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| JOHN HUGH PETTY, | ) | Case No. ED CV 10-1725 JCG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

19

## I.

20

## INTRODUCTION AND SUMMARY

21      On November 22, 2010, plaintiff John Hugh Petty ("Plaintiff") filed a

22 complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of

23 the Social Security Administration, seeking review of a denial of disability insurance

24 benefits ("DIB") and supplemental security income benefits ("SSI").  [Docket No.

25 3.]

26      On May 19, 2011, Defendant filed his answer, along with a certified copy of

27 the administrative record.  [Docket Nos. 12, 13, 14.]

28      In sum, having carefully studied, *inter alia*, the parties' joint stipulation and

1    the administrative record, the Court concludes that, as detailed below, the

2    Administrative Law Judge ("ALJ") improperly discounted Plaintiff's subjective

3    complaints.  The Court thus remands this matter to the Commissioner in accordance

4    with the principles and instructions enunciated in this Memorandum Opinion and

5    Order.

6                                         **II.**

7              **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

8        Plaintiff, who was 53 years old on the date of his administrative hearing, has a

9    high school education.  (*See* Administrative Record ("AR") at 18, 44, 135.)

10       On February 20, 2008, Plaintiff filed for DIB and SSI, alleging that he has

11   been disabled since February 4, 2008 due to a congestive heart failure and chronic

12   atrial fibrillation.  (*See* AR at 116, 119, 135, 145.)

13       On September 17, 2009, Plaintiff, represented by counsel, appeared and

14   testified at a hearing before an ALJ.  (*See* AR at 18-46.)  The ALJ also heard

15   testimony from Corinne Porter, a vocational expert ("VE").  (*Id.*)

16       On November 10, 2009, the ALJ denied Plaintiff's request for benefits.  (AR

17   at 10-17.)  Applying the familiar five-step sequential evaluation process, the ALJ

18   found, at step one, that Plaintiff has not engaged in substantial gainful activity since

19   his alleged onset date.  (*Id.* at 12.)

20       At step two, the ALJ found that Plaintiff suffers from severe impairments

21   consisting of "atrial fibrillation; history of congestive heart failure; history of drug

22   abuse; history of burns on both forearms, and hypertension."  (AR at 12 (emphasis

23   omitted).)

24       At step three, the ALJ determined that the evidence did not demonstrate that

25   Plaintiff's impairments, either individually or in combination, meet or medically

26   equaled the severity of any listing set forth in the Social Security regulations.[1]  (AR

27   

28       [1]   *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

2

1    at 21.)

2          The ALJ then assessed Plaintiff's residual functional capacity[2/] ("RFC") and

3    determined that he can perform light work.  (AR at 13.)

4          The ALJ found, at step four, that Plaintiff lacks the ability to perform his past

5    relevant work as a pipe fitter, heavy equipment operator, construction worker, or

6    dishwasher.  (AR at 16.)

7          At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found

8    that "there are jobs that exist in significant numbers in the national economy that

9    [Plaintiff] can perform," including cashier, cleaner, and hand packager.  (AR at 16-

10   17 (bold omitted).)  Thus, the ALJ concluded that Plaintiff was not suffering from a

11   disability as defined by the Act.  (*Id.* at 10, 17.)

12         Plaintiff filed a timely request for review of the ALJ's decision, which was

13   denied by the Appeals Council.  (AR at 1-3, 4.)  The ALJ's decision stands as the

14   final decision of the Commissioner.

15                                   **III.**

16                          **STANDARD OF REVIEW**

17         This Court is empowered to review decisions by the Commissioner to deny

18   benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

19   Administration must be upheld if they are free of legal error and supported by

20   substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*

21   *amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings

22   are based on legal error or are not supported by substantial evidence in the record,

23

24   _____

25   [2/]   Residual functional capacity is what a claimant can still do despite existing
     exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155

26   n. 5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
     ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's

27   residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th

28   Cir. 2007).

                                      3

1    the court may reject the findings and set aside the decision to deny benefits.

2    *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,

3    242 F.3d 1144, 1147 (9th Cir. 2001).

4         "Substantial evidence is more than a mere scintilla, but less than a

5    preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

6    evidence which a reasonable person might accept as adequate to support a

7    conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d

8    at 459.  To determine whether substantial evidence supports the ALJ's finding, the

9    reviewing court must review the administrative record as a whole, "weighing both

10   the evidence that supports and the evidence that detracts from the ALJ's

11   conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

12   simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

13   at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

14   evidence can reasonably support either affirming or reversing the ALJ's decision,

15   the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*

16   (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

17                                    **IV.**

18                          **ISSUES PRESENTED**

19         Two disputed issues are presented for decision here:

20         1.    whether the ALJ properly evaluated the opinion of Plaintiff's treating

21   physician, (*see* Joint Stip. at 4-7); and

22         2.    whether the ALJ properly assessed Plaintiff's credibility.  (*Id.* at 10-13.)

23         Under the circumstances here, the Court finds the issue of the ALJ's

24   evaluation of Plaintiff's credibility to be dispositive of this matter, and does not

25   reach the remaining issue.

26   / / /

27   / / /

28

                                        4

1

**V.**

**DISCUSSION AND ANALYSIS**

A.    Plaintiff's Credibility

Plaintiff argues that the "ALJ has erred by failing to cite any clear and convincing reasons to reject Plaintiff's subjective complaints other than to state that in his opinion the Plaintiff's complaints are not supported by objective medical evidence." (Joint Stip. at 12.)  Plaintiff contends that the ALJ improperly disregarded  his "complaints of shortness of breath, fatigue, and chest pain, [which] would clearly require Plaintiff to experience numerous unscheduled work breaks during the course of a given work week." (*Id.*)

1.    The ALJ Must Provide "Clear and Convincing" Reasons For Discounting Plaintiff's Credibility

An ALJ can reject a plaintiff's subjective complaint upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 10-17.)  Therefore, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons.  *See Benton*, 331 F.3d at 1040.

2.    The ALJ Improperly Rejected Plaintiff's Subjective Complaints

After a careful review of the medical record and the joint stipulation, the Court has considered the ALJ's sole reason for finding Plaintiff not credible, and concludes that the ALJ has failed to provide legally sufficient justification for

5

1   discounting Plaintiff's credibility.

2        Here, the ALJ found that the objective medical evidence does not support

3   Plaintiff's alleged degree of disability.  (AR at 14 ("While [Plaintiff] alleges he is

4   unable to perform work activity, his medical records do not contain objective clinical

5   evidence to support his assertion.").)

6        In so finding, the ALJ noted that although Plaintiff "was admitted to the

7   hospital from February 4, 2008 to February 9, 2008 for shortness of breath," his

8   condition was "very well controlled during his hospitalization."  (AR at 14; *see also*

9   *id.* at 169 (emergency department respiratory nursing assessment dated February 4,

10  2008 indicating "severity scale" of "2/10").)  The ALJ also reported that "[o]nce

11  [Plaintiff] was clinically stable he had no further complaints of any shortness of

12  breath or palpitations" and "was discharged home with medication."  (*Id.* at 14; *see*

13  *also id.* at 162 (Barstow Community Hospital discharge summary dated February 9,

14  2008 reporting "patient had no further complaints of any shortness of breath or

15  palpitation").)  The ALJ found Plaintiff's "February 7, 2008 chest x-ray showed

16  improving congestive heart failure" and he "was discharged with no activity

17  restrictions."  (*Id.* at 14; *see also id.* at 224 (radiology report of Plaintiff's chest

18  stating "[t]here has been an improvement since the previous exam").)

19       The Court agrees that there is no objective medical evidence in the record

20  supporting a more restrictive RFC than that determined by the ALJ.[3]  (*See generally*

21

22       [3]   Although the Court declines to address Plaintiff's claim that the ALJ

23  improperly evaluated the opinion of V.M. Padmanabha, M.D. ("Dr. Padmanabha"),

24  (*see* Joint Stip. at 4-7), the Court notes that his conclusory opinion that Plaintiff "is

    totally and permanently disabled" is "not entitled to special significance."

25  *Boardman v. Astrue*, 286 Fed.Appx. 397, 399 (9th Cir. 2008) (unpublished

26  *memorandum* opinion) ("The ALJ is correct that a determination of a claimant's

    ultimate disability is reserved to the Commissioner, and that a physician's opinion

27  on the matter is not entitled to special significance.").

28       In other words, Dr. Padmanabha's non-medical opinion that Plaintiff is unable

1   AR at 162-316; *see, e.g., id.* at 253 (April 12, 2008 emergency department treatment

2   note indicating Plaintiff's respiratory airway is "clear," his effort is "unlabored," and

3   he has no cough).)

4          Although the Court finds that substantial evidence supports the ALJ's

5   conclusion that the alleged severity of Plaintiff's symptoms is unsupported by the

6   objective medical evidence, a lack of objective evidence supporting Plaintiff's

7   symptoms cannot be the *sole* reason for rejecting Plaintiff's testimony.  *Rollins v.*

8   *Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).  Because the ALJ failed to provide

9   legally sufficient reasons for rejecting Plaintiff's testimony, remand is warranted on

10  this issue.

11                                         **VI.**

12                          **<u>REMAND IS APPROPRIATE</u>**

13          This Court has discretion to remand or reverse and award benefits.  *McAllister*

14  *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989).  Where no

15  useful purpose would be served by further proceedings, or where the record has been

16  fully developed, it is appropriate to exercise this discretion to direct an immediate

17  award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);

18  *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000),

19  *cert. denied*, 531 U.S. 1038 (2000).  Where there are outstanding issues that must be

20  resolved before a determination can be made, and it is not clear from the record that

21  the ALJ would be required to find plaintiff disabled if all the evidence were properly

22  ─────────────────

23  to work is not binding on the Commissioner.  *See Ukolov v. Barnhart*, 420 F.3d

24  1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded
    the greatest weight in disability cases, it is not binding on an ALJ with respect to the

25  existence of an impairment or the ultimate determination of disability."); 20 C.F.R.

26  §§ 404.1527(e)(1) ("We are responsible for making the determination or decision
    about whether you meet the statutory definition of disability. . . .  A statement by a

27  medical source that you are 'disabled' or 'unable to work' does not mean that we

28  will determine that you are disabled.") & 416.927(e)(1) (same).

1   evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
2   F.3d at 1179-80.

3          Here, there are outstanding issues which must be resolved before a final
4   determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
5   subjective complaints and the resulting functional limitations, and either credit
6   Plaintiff's testimony or provide clear and convincing reasons supported by
7   substantial evidence for rejecting them.  In addition, if necessary, the ALJ shall
8   obtain additional information and clarification regarding Plaintiff's functional
9   limitations.  The ALJ shall then proceed through steps four and five to determine
10  what work, if any, Plaintiff is capable of performing.[4/]

11         Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
12  **REVERSING** the decision of the Commissioner denying benefits and
13  **REMANDING** the matter for further administrative action consistent with this
14  decision.

15
16  Dated: August 11, 2011

17  _____
18                          Hon. Jay C. Gandhi
19                          United States Magistrate Judge
20
21
22
23
24
25
26
27  [4/]   In light of the Court's remand instructions, it is unnecessary for the Court to
28  address Plaintiff's remaining contention.  (*See* Joint Stip. at 4-7.)

8